IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

VICTOR LAMAR ROGERS, JR.,

    Plaintiff,
v.                                                       CASE NO. 1:19-cv-84-MW-GRJ

W. SINGER,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate confined in the Alachua County Jail, initiated this case by filing complaint pursuant to 42 U.S.C. § 1983, and has been granted leave to proceed as a pauper by separate order. Plaintiff's claims stem from the medical care that he has received at the Jail. The Complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A, which provides that the Court may dismiss a complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. For the following reasons, it is respectfully recommended that the Complaint be dismissed for failure to state a claim upon which relief may be granted.

## I.  Plaintiff's Allegations

Plaintiff alleges that the jail physician, Dr. Colon, prescribed daily Tylenol for Plaintiff's back pain.  On January 17, 2019, Nurse Wendy Singer dispensed medication to Plaintiff.  Plaintiff alleges that Singer gave Plaintiff the wrong medication, and Plaintiff passed out after taking the unknown medication.  Plaintiff was immediately taken to the Medical Department for evaluation and treatment.  A different nurse told Plaintiff that his blood pressure was abnormally low.  Plaintiff became weak and had severe pain.  After being treated, Plaintiff was placed on 23 hours of observation, during which he was given large amounts of food and liquids to reduce the effects of the incorrect medication.  After observation and treatment, Plaintiff was returned to the inmate population.  Plaintiff alleges that his treatment amounted to "cruel and unusual punishment", "medical battery", and a "violation of patient's rights".  The only named defendant is Nurse Singer.  For relief, he seeks damages in the amount of "$250,000 each claim".  ECF No. 1.

## II. Standard of Review

To state a claim under § 1983, a plaintiff must allege that: (1) a violation of a specific constitutional right or federal statutory provision; (2)

was committed by a person acting under color of state law. *Doe v. Sch. Bd. of Broward Cnty.*, 604 F.3d 1248, 1265 (11th Cir. 2010).

The Constitution forbids prison officials from consciously ignoring the serious medical needs of prison inmates. Such "deliberate indifference" to an inmate's serious medical need by a state actor is cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments. *See Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976). To establish that the prison official was deliberately indifferent, the plaintiff must show that: (1) the prison official had a subjective knowledge of a risk of serious harm; (2) the prison official disregarded that risk; and (3) did so by conduct that is more than mere negligence. *Brown v. Johnson*, 387 F.3d 1344,1351 (11th Cir. 2004); *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000) (the prisoner must demonstrate that the officials' response was so inadequate as to "constitute an unnecessary and wanton infliction of pain," and was not "merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law.").

### III.  Discussion

Even liberally construing Plaintiff's claims, and accepting the allegations of the Complaint as true, Plaintiff's allegations fail to state an Eighth Amendment claim for deliberate indifference in connection with his medical care.  Plaintiff's factual allegations reflect that as soon as he exhibited symptoms from the incorrect medication he received immediate care, and his condition was monitored until he recovered sufficiently to rejoin the jail population.  ECF No. 1.  Nothing in Plaintiff's allegations support a finding that defendant Singer intentionally gave Plaintiff the wrong medication.  Accidentally administering the wrong medication does not establish a "conscious or callous indifference." *See e.g., Estelle*, 429 U.S. at 106; *Monteleone v. Corizon*, 686 Fed.Appx. 655, 2017 WL 1404680, *3 (11th Cir. Apr. 20, 2017) (citing *Goodman v. Kimbrough*, 718 F.3d 1325, 1332 (11th Cir. 2013)).

In essence, Plaintiff's claims sound in negligence or medical malpractice, which are not cognizable under § 1983.  Thus, the Court concludes that Plaintiff's Complaint fails to state a cognizable claim for a violation of his Eighth Amendment rights against Nurse Singer.

Ordinarily, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," leave to amend "should be freely

given." *Foman v. Davis*, 371 U.S. 178, 182 (1962). *See* Fed.R.Civ.P. 15(a). Under *Foman*, however, a district court may properly deny leave to amend the complaint when such amendment would be futile. *Foman*, 371 U.S. at 182. Under the facts alleged in the Complaint, the Court concludes that amendment of the Complaint would be futile because amendment would not cure the deficiency regarding the lack of any factual support for an Eighth Amendment claim.

### IV.  Recommendation

For the foregoing reasons, it is respectfully **RECOMMENDED** that this case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** this 17th day of May 2019.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.